IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENYATTA BROOKS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 10-cv-569 |
| | ) |
| STATE OF DELAWARE, DEPARTMENT OF | ) |
| HEALTH & SOCIAL SERVICES, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM

### I. INTRODUCTION

The plaintiff, Kenyatta Brooks ("Brooks"), filed a Complaint (D.I. 1) against the defendant, Department of Health and Social Services ("DHSS"), a department of the State of Delaware, on July 1, 2010. Brooks alleges disability discrimination under the Americans with Disabilities Act (the "ADA"), 42 U.S. § 12101. (*Id.* at 1.) Brooks claims that as a result of DHSS' discrimination, she suffered mental, physical, and financial injuries. (*Id.* at 7.) Brooks also alleges that DHSS retaliated against her in violation of the Family and Medical Leave Act (the "FMLA"). (*Id.* at 6-7.) Brooks seeks injunctive relief and damages. (*Id.* at 7.)

Defendant, DHSS, contends that it is entitled to sovereign immunity with respect to Brooks' ADA and FMLA claims and, alternatively, that Brooks is not disabled under the ADA. (D.I. 6 at 5.) Presently before the court is DHSS' Motion to Dismiss pursuant to: (1) Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction; and (2) Federal Rule of Civil Procedure 12(b)(6), for failure to state a claim upon which relief can be granted. (D.I. 5 at

1.) For the reasons that follow, the court will grant DHSS' Motion to Dismiss pursuant to Rule 12(b)(1).[1]

## II. BACKGROUND

The following facts are taken from Brooks' complaint. (D.I. 1.) Brooks alleges that she was employed by DHSS from March 25, 2005 until December 17, 2008. (*Id.* at 2.) Brooks claims she began experiencing extreme allergic reactions at DHSS' James W. Williams State Service Center worksite. (*Id.*) Brooks states that her symptoms included "difficulty breathing, extensive headaches, ear popping, severe congestion, excessive coughing, itchy and watery eyes, itching of the throat, burning nostrils, and loss of voice." (*Id.*) Brooks' doctor diagnosed her with "dyspnea, bronchospasms, and rhinitis" on November 28, 2008. (*Id.* at 2-3; D.I. 12, Ex. 1 at 3.) Brooks claims that she provided DHSS with medical documentation that the air at the DHSS worksite was causing her severe medical issues. (D.I. 1 at 2.)

On December 17, 2008, Brooks filed a grievance against DHSS because she was terminated upon returning from approved FMLA leave. (*Id.*; D.I. 12, Ex. 5 at 4.) Brooks claims that she began to miss work on September 8, 2008 due to her medical issues and states that she filed a workers' compensation claim on September 25, 2008, which the State of Delaware denied on October 10, 2008. (*Id.* at 3; D.I. 12-4 at 3.) Brooks also notes that, on September 29, 2008, she submitted an ADA request seeking to be removed from the James W. Williams State Service Center building. (D.I. 1 at 3.) The State of Delaware denied this request on October 2, 2008. (*Id.*) Brooks further details that on the day her ADA request was denied, she filed a FMLA request which was granted for the time period of October 7, 2008 through November 25, 2008. (*Id.*)

---

[1] Because the court finds that DHSS is entitled to sovereign immunity under the ADA and FMLA, it does not address DHSS' contention that Brooks is not disabled within the meaning of the ADA statute.

2

Brooks states that on November 14, 2008, DHSS directed that she return to full-duty capacity on November 26, 2008 at 8:30 a.m. (*Id.*) Brooks claims that on November 26, 2008, she presented her supervisor with medical documentation from a licensed physician stating that she was not to return to work, unless placed at another worksite. (*Id.*) On December 15, 2008, DHSS terminated Brooks' employment due to her inability to return to work. (D.I. 1; D.I. 12, Ex.1 at 4.)

On October 12, 2009, Brooks filed a Charge of Discrimination against DHSS with the Delaware Department of Labor and the Equal Employment Opportunity Commission (the "EEOC") alleging violations of Titles I and V of the ADA (D.I. 1 at 4) and, on March 30, 2010, she received a right to sue letter (*id.*, Ex. 1 at 2). Brooks states that DHSS received a copy of this letter on or about April 3, 2010. (*Id.* at 4.)

## III. STANDARD OF REVIEW

### A. Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) authorizes dismissal of a complaint for lack of jurisdiction over the subject matter, or if the plaintiff lacks standing to bring a claim. FED. R. CIV. P. 12(b)(1). Motions brought under Rule 12(b)(1) may present either a facial or factual challenge to the court's subject matter jurisdiction. In reviewing a facial challenge under Rule 12(b)(1), the standards relevant to Rule 12(b)(6) apply. In this regard, the court must accept all factual allegations in the complaint as true, and the court may only consider the compliant and documents referenced in or attached to the complaint. *Gould Electronics Inc. v. United States*, 220 F.3d 169, 176 (3d Cir. 2000). In reviewing a subject matter jurisdiction factual challenge, a court is not confined to the allegations of the complaint, and the presumption of truthfulness does not attach to the allegations in the complaint. *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549

F.2d 884, 891 (3d Cir. 1977). Instead, the court may consider evidence outside the pleadings, including affidavits, depositions, and testimony, to resolve any factual issues bearing on jurisdiction. *Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997). Once the court's subject matter jurisdiction over the complaint is challenged, the plaintiff bears the burden of proving that jurisdiction exists. *Mortensen*, 549 F.2d at 891.

### B. Rule 12(b)(6)

Rule 12(b)(6) permits a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to the plaintiff. *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007). A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 211. In other words, the complaint must do more than allege an entitlement to relief; rather, it must "show" such an entitlement with its facts.

A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S. at 570. The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a

4

defendant's liability, it stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (citing FED. R. CIV. P. 8(a)(2)).

## IV. DISCUSSION

DHSS contends that this court lacks subject-matter jurisdiction over Brooks' claims because DHSS, as an arm of the State of Delaware, is entitled to sovereign immunity for claims of discrimination and retaliation filed under Titles I and V of the ADA[2] and under the FMLA. (D.I. 6 at 5.) DHSS also contends that Brooks' complaint should be dismissed for failure to state a claim upon which relief can be granted because Brooks' allegation that she is disabled is not supported by the facts. (*Id.*) Conversely, Brooks argues that DHSS is not protected by sovereign immunity because the State of Delaware accepts federal funds and her claims can also be characterized as Title II ADA claims. (D.I. 12 at 6.) Brooks further asserts that her complaint includes factual allegations sufficient to show she was disabled. (*Id.*) The court examines the parties' arguments below.

### A. Whether DHSS is Entitled To Sovereign Immunity on Brooks' ADA Claims

DHSS challenges Brooks' complaint on facial grounds. (D.I. 6 at 8.) Specifically, DHSS contends that Brooks' complaint fails to plead any basis for subject-matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) because DHSS is entitled to sovereign immunity. (*Id.*)

---

[2] The purpose of the ADA is to eliminate discrimination against individuals with disabilities. 42 U.S.C. §§ 12101-12213 (2011). Title I relates to employment, Title II relates to public services, and Title V relates to miscellaneous provisions, including retaliation.

5

With respect to DHSS' sovereign immunity argument, the Eleventh Amendment to the United States Constitution, states that "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. CONST. amend. XI. While the Eleventh Amendment does not explicitly bar suits against a state by its own citizens, the Supreme Court has established that "an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another state." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974). Notably, sovereign immunity extends not only to states, but also to state agencies that qualify as an "arm of the state," and acts as "a jurisdictional bar which deprives federal courts of subject matter jurisdiction." *Regents of the Univ. of Cal. v. Doe*, 519 U.S. 425, 429-30 (1997); *see also Blanciak v. Allegheny Ludlum Corp.*, 77 F.3d 690, 693 n.2 (3d Cir. 1996). Congress can, however, waive a state's sovereign immunity, and therefore, its Eleventh Amendment immunity, through the Fourteenth Amendment. *Seminole*, 517 U.S. at 59. Nevertheless, Congress must unequivocally express its intent to do so. *Id.* at 55.

Importantly, neither Title I nor Title V of the ADA "abrogate state sovereign immunity." *Karam v. Del. Div. of Servs. for Children, Youth and Their Families*, C.A. No. 09-904-RBK/JS, 2010 WL 5343182, at *3-4 (D. Del. 2010). Specifically, "[t]he Supreme Court has held that the ADA's express abrogation of sovereign immunity is unconstitutional as to Title I claims because Congress did not establish that Title I was intended to remedy or deter violations of the Fourteenth Amendment's guarantees." *Id.* at *3. Thus, "Title I was not within Congress's Fourteenth Amendment power, and, therefore, [Congress] cannot abrogate state sovereign immunity" with respect to this Title. *Id.* Further, "[t]he law is settled that [a plaintiff] may not recover in federal court under Title I of the ADA for . . . discrimination claims against the State."

6

*Flax v. Del. Div. of Family Servs.*, C.A. No. 03-922-GMS, 2008 WL 1758857, at *7 (D. Del. 2008). As to Title V of the ADA, "[n]either the Supreme Court nor the Third Circuit has decided whether Title V is a valid abrogation of state sovereign immunity." *Karam*, 2010 WL 5343182, at *3. Nevertheless, relevant case law makes clear that there is a "general principle that a Title V claim is barred if the underlying claim is barred by sovereign immunity." *Id.* at *4. Thus, a defendant is immune from suit in connection with a Title V claim if it is premised on the defendant's alleged violation of Title I. *Id.*

Although Brooks' Answering Brief in opposition to DHSS' Motion to Dismiss argues that her claims also fall under Title II of the ADA, Brooks' complaint does not allege any claims under Title II. (D.I. 12 at 8.) Rather, Brooks specifically alleges discrimination and retaliation under Title I and Title V of the ADA.[3] (D.I. 1 at 1, 6-7.) Further, the right to sue letter provided Brooks with the authority to sue under Title I and Title V of the ADA. (D.I. 1-1 at 2.) Title II of the ADA states that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The court notes, however, that in actions alleging Title II violations, "[c]ourts generally do not allow state employees to bring employment discrimination claims under Title II because this would provide an end-run around the state's immunity to suit under Title I and contradict the plain language in both Title I and Title II." *Karam*, 2010 WL 5343182, at *3 n.1. In light of this

---

[3] Brooks' complaint alleges "discrimination on the basis of a disability . . . pursuant to the . . . ADA." (D.I. 1 at 1.) Her complaint further alleges that the "acts . . . described above . . . constitute unlawful retaliation against Plaintiff . . . in violation of the [ADA]." (*Id.* at 6-7.) These claims fall under Title I and Title V of the ADA. 42 U.S.C. §§ 12101-12213. Title I prohibits an employer "[from] discriminat[ing] against a qualified individual on the basis of disability in regard to . . . employment." *Id.* § 12112. Title V prohibits retaliation "against any individual because such individual has opposed any act or practice made unlawful by [the ADA]." *Id.* § 12203.

7

guidance and in consideration of relevant case law, the court concludes that Brooks cannot bring her suit under Title II.

Consequently, the court concludes that because DHSS, as an agency of the State of Delaware, is an "arm of the state," it is entitled to sovereign immunity with respect to Brooks' claims filed pursuant to Title I of the ADA. *See Harrison v. Henry*, C.A. No. 08-352-SLR, 2009 U.S. Dist. LEXIS 13746 (D. Del. Feb. 24, 2009) (stating that DHSS is an arm of the State of Delaware for sovereign immunity purposes). Further, DHSS is also immune from Brooks' Title V claim because this retaliation claim is premised on DHSS' alleged discrimination under Title I. Thus, the court concludes that it lacks subject-matter jurisdiction over Brooks' claims because DHSS is entitled to sovereign immunity for claims of discrimination and retaliation filed under Titles I and V of the ADA. *Karam*, 2010 WL 5343182, at *3-4.

### B. DHSS is Entitled to Sovereign Immunity for Brooks' Retaliation Claim Under the FMLA

DHSS is also entitled to sovereign immunity with respect to Brooks' retaliation claim under the FMLA. Brooks claims that DHSS retaliated against her for requesting medical leave in violation of the FMLA. (D.I. 1 at 6-7.) Under federal law, state sovereign immunity for enforcement of the self-care provisions of the FMLA is well-established. The FMLA is judicially divided between sections classified as family-care and self-care. *Harrison*, 2009 WL 464260, at *4. The family-care provisions are classified under 29 U.S.C. §§ 2612(a)(1) (A), (B), and (C). *Id.* The self-care provision, classified under 29 U.S.C. § 2612(a)(1)(D), pertains to FMLA leave "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." *Id.* As Brooks has alleged she was unable to work due to the air conditions at her worksite, she falls under the self-care provision of the

8

FMLA.[4] (D.I. 1 at 2.) While there is no state sovereign immunity for enforcement of the family-care provisions, relevant precedent dictates that "the FMLA's self-care provisions do not validly abrogate state sovereign immunity." *Karam*, 2010 WL 5343182, at *5; *see also Harrison*, 2009 WL 464260, at *4 (citing *Chittister v. Dep't of Cmty. and Econ. Dev.*, 226 F.3d 223 (3d Cir. 2000)).

Consequently, because the FMLA provides sovereign immunity in connection with self-care related claims and, as noted, DHSS is an "arm of the state" of Delaware, the court concludes that it is immune from suit in this action. *Karam*, 2010 WL 5343182, at *5.

## V. CONCLUSION

For the reasons stated above, the court will grant DHSS' Motion to Dismiss (D.I. 5.)

Dated: March 30, 2012

CHIEF, UNITED STATES DISTRICT JUDGE

---

[4] Where FMLA leave is requested to care for one's own medical condition, this leave falls under the self-care provisions of the FMLA. *See Harrison*, 2009 WL 464260, at *15.

9

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| KENYATTA BROOKS,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF DELAWARE, DEPARTMENT OF<br>HEALTH & SOCIAL SERVICES,<br><br>Defendant. | C.A. No. 10-cv-569 |

## **ORDER**

For the reasons stated in the court's Memorandum of this same date, IT IS HEREBY

ORDERED that:

1. The defendant's Motion to Dismiss (D.I. 5) is GRANTED; and

2. The Clerk of Court is directed to close this case.

Dated: March 30, 2012

_____
CHIEF, UNITED STATES DISTRICT JUDGE